IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01862-ZLW-MEH

WILDEARTH GUARDIANS, a New Mexico non-profit corporation,

   Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a XCEL ENERGY,

   Defendant.

---

**ORDER ON DEFENDANT'S MOTION TO STAY**
---

Before the Court is Defendant's Opposed Motion to Stay [filed October 7, 2009; docket #26]. The matter has been referred to this Court for disposition [docket #27].  Oral argument would not materially assist the Court in its adjudication of the motion.  For the reasons stated below, the Court **denies** the Motion to Stay.

**I.   Facts**

Plaintiff brings this action against Defendant for alleged violations of the Clean Air Act ("CAA").  The Plaintiff alleges that Defendant has failed to comply with CCA air pollution emissions standards, limitations and permit conditions at its 717-megawatt, coal-fired power plant, known as "Cherokee Station."

In its motion to dismiss, Defendant argues that Plaintiff has failed to allege conduct that would constitute a violation of the CAA and has failed to allege facts sufficient to establish that it has standing to bring claims against Defendant.  In the present Motion to Stay, Defendant contends that proceeding with discovery in this case is "premature and an inefficient use of both the Court's and the Parties' resources."  Docket #26 at 4.  Defendant asserts that, since it has asked that all

claims be dismissed, "[i]f the Parties bind themselves to a scheduling order now, they may need to amend that scheduling order after the Court's decision [to deny even a portion of the motion.]" *Id.* For these reasons, Defendant seeks a stay of all proceedings until its motion to dismiss has been adjudicated.

## II.     Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1) (2009). Here, Defendant seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003).

In determining whether a stay is appropriate, the courts generally consider the following five factors:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending . . . litigation.

*Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980). In applying these factors, the Court determines that an indefinite stay of discovery is not appropriate in this case.

First, staying the case while Defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. Thus, the Court cannot ignore the Plaintiff's right to proceed expeditiously with litigation. Second, the Court recognizes the burden placed on Defendant in proceeding with discovery in a case that may be dismissed on its motion. However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, there is no evidence of a special burden on the Defendant.

As to the third factor, judicial economy, the Court finds that a stay is not necessarily an efficient use of judicial resources at this stage of the litigation. The motion to dismiss has been only recently filed and the briefing will not be complete until mid-November. Motions having the effect of delaying proceedings and adversely affecting schedules are not favored in this District. Consequently, the Court must acknowledge the general interests of controlling the court's docket and the fair and speedy administration of justice.

The Court finds that the parties have not addressed the fourth and fifth factors sufficiently to determine their weight in this analysis. *See Golden Quality Ice Cream*, 87 F.R.D. at 58. Consequently, balancing all factors presented, the Court finds that a formal stay of discovery, typically disfavored in this district, is not appropriate in this case.

**III.    Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Opposed Motion to Stay [filed October 7, 2009; docket #26] is **denied**.

Dated this 13th day of October, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge