IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No. 09-cv-01862-ZLW-MEH

WILDEARTH GUARDIANS, a New Mexico non-profit corporation,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO d/b/a XCEL ENERGY,

    Defendant.

## ORDER

    The matter before the Court is Defendant's Motion To Strike Portions Of The Declaration Of Jeremy Nichols And References To The Declaration In Plaintiff's Response To Defendant's Motion To Dismiss (Doc. No. 34).

    A motion to strike is governed by Fed. R. Civ. P. 12(f) which provides that the Court "may strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1]  Pleadings, defined in Fed. R. Civ. P. 7(a), include

---

[1] Fed. R. Civ. P. 12(f) (emphasis added).

neither motions nor briefs.[2]  Therefore, striking material contained in an opposition to a motion to dismiss would be inappropriate.[3]

Defendant does not allege that Nichols' declaration is "redundant, immaterial, impertinent, or scandalous matter."  Rather, Defendant objects to the declaration on various evidentiary grounds.  These grounds are not a valid reason under the Civil Rules to strike the declaration.  Instead, Defendant's objections should be incorporated into its reply, if desired, and the Court will disregard any improper evidence when reviewing the motion to dismiss.[4]  Accordingly, it is

ORDERED that Defendant's Motion To Strike Portions Of The Declaration Of Jeremy Nichols And References To The Declaration In Plaintiff's Response To Defendant's Motion To Dismiss (Doc. No. 34; Nov. 10, 2009) is denied.

DATED at Denver, Colorado, this 20th day of November, 2009.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

---

[2] Fed. R. Civ. P. 7(a); see Sunlight Saunas, Inc. v. Sundance Sauna, Inc., 427 F. Supp. 2d 1022, 1029 (D. Kan. 2006).  "The terms of Rules 12(f) and 7(a) make clear that '[o]nly material included in a pleading may be subject of a motion to strike' and that '[m]otions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike.'" Jeter v. Montgomery County, 480 F. Supp. 2d 1293, 1296 (M.D. Ala. 2007) (quoting 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[2] (3d ed. 2006)).

[3] See, e.g., Pilgrim v. Trs. of Tufts Coll., 118 F.3d 864, 868 (1st Cir. 1997); GRS Dev. Co. v. Jarrett, 2003 WL 21134437 at *3 (Terr.V.I. Apr. 10, 2003).

[4] See, e.g., Gruener v. Ohio Cas. Co., 416 F. Supp. 2d 592, 599 (S.D. Ohio 2005).