**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  09-cv-01862-ZLW-MEH

WILDEARTH GUARDIANS,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a XCEL ENERGY,

    Defendant.

---

**STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIALITY AND INADVERTENT DISCLOSURE OF DOCUMENTS**

---

Upon stipulation of counsel for Plaintiff, WildEarth Guardians and for Defendant, Public Service Company of Colorado, d/b/a Xcel Energy (collectively the "Parties") for an order protecting the confidentiality of certain confidential and proprietary documents, the Parties hereby state as follows:

WHEREAS the Parties are engaged in discovery in connection with the above-captioned action (the "Litigation"); and

WHEREAS certain documents and information to be produced pursuant to Rule 26 of the Federal Rules of Civil Procedure in disclosures or in response to discovery requests in the Litigation involve the disclosure of confidential information;

WHEREAS the Parties desire to provide a mechanism for Parties and non-Parties to this Litigation to protect any of their confidential information that may be relevant to the issues in the Litigation and that Parties may seek to obtain in the course of disclosures, discovery, or pretrial proceedings in this Litigation; and

WHEREAS the Parties have mutually agreed that entry of a protective order is appropriate in this matter;

The Court hereby orders, pursuant to Federal Rule of Civil Procedure 26(c), that the Parties produce and handle confidential information in connection with the Litigation in accordance with the criteria set forth below:

1. For the purpose of this Protective Order, "Discovery Material" shall mean any portion of a document, interrogatory answer, discovery request or response, deposition testimony, or other tangible thing or information obtained through any means of pretrial disclosures, discovery, or subpoena, or any portion, summary, or extract thereof, served upon or filed by any Party to the Litigation or any subpoenaed non-Party in connection with formal or informal discovery, hearing, or trial proceeding, or in any pleading, motion, affidavit, declaration, brief, or other document submitted to the Court. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

2. For the purposes of this Protective Order, a "Designating Party" is a Party or non-Party that designates Discovery Material as Confidential Information pursuant to this Protective Order. Discovery Material designated with the legend "CONFIDENTIAL INFORMATION" pursuant to the provisions of this Order constitutes "Confidential Information" under this Order. All Confidential Information, and any summaries or other descriptions of such Confidential Information, shall be subject to the applicable restrictions of this Protective Order. A "Producing Party" is a Party or non-Party that produces Discovery Material in this Litigation and a "Receiving Party" is a Party that receives Discovery Material from a Producing Party.

3. Any Discovery Material may be designated as Confidential Information by the Producing Party if the Producing Party reasonably and in good faith determines such Discovery Material is Confidential Information. "Confidential Information" is nonpublic and confidential information, including a trade secret or confidential or proprietary research, development, or commercial information, that is generally treated as confidential information by the Producing Party and entitled to confidential treatment under Fed. R. Civ. P. 26(c) or any other statute, regulation, applicable court order or rule, or common law rule or interest restricting disclosure. No Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed by a Receiving Party to any person except as provided herein.

4. A Producing Party may designate Discovery Material as Confidential Information by marking the Discovery Material with the legend "CONFIDENTIAL INFORMATION" in a readily visible and noticeable manner that does not interfere with the legibility of the Confidential Information and that does not cover any text or content thereof. In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by placing a stamp or designation of "CONFIDENTIAL INFORMATION" on each such document or response prior to production or service, except that where a Party produces documents for inspection pursuant to Fed. R. Civ. P. 34, the Party may designate any Confidential Information within 30 days of the date on which the Producing Party is notified by the Requesting Party of the specified documents that are requested to be copied. Any Party photocopying or otherwise duplicating Confidential Information shall ensure that the "CONFIDENTIAL INFORMATION" designation appears clearly on any such copies or duplicates. With respect to electronic data, videotapes, or other Discovery Material on which it is difficult to affix a stamp or label on the Discovery Material itself, the notation "CONFIDENTIAL INFORMATION" may be plainly marked

on a label affixed to the disk, tape, or other medium on which the Discovery Material is stored rather than affixed to the Discovery Material itself.

   5.  If any non-Party receives a request or subpoena seeking documents or tangible things and the requested documents or tangible things contain Confidential Information, the non-Party receiving the request or subpoena may designate such material as Confidential Information in accordance with Paragraph 4. Non-Party Confidential Information designated as such, or any copy, excerpt, or summary thereof, or the Confidential Information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order. Any non-Party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-Party's claim of confidentiality and bears the burden of establishing its claim to confidentiality in such proceedings.

   Any Party may designate Discovery Material provided by the non-Party as Confidential Information by written notification to counsel for the other Parties. The Designating Party shall thereafter provide the other Parties with an exact copy of the Discovery Materials marked with the legend "CONFIDENTIAL INFORMATION" at no cost to the other Parties and such materials shall be fully subject to this Protective Order as if they had been initially so designated.

   6.  Discovery Material designated as Confidential Information may be disclosed only to the following persons, except upon the prior written consent of the Designating Party.

    a)  the Court (including appellate courts and any ancillary judicial body in connection with the Litigation) and its personnel, including Magistrate Judges, mediators and jurors;

    b)  "outside" and "in-house" counsel to either of the Parties (and students at the University of Denver Environmental Law Clinic who are working directly

       on this matter under the supervision of the Plaintiffs' counsel of record), their legal assistants and clerical and other support staff;

  c) officers, directors and employees (current or former) of either of the Parties who are assisting counsel in the prosecution or defense of the Litigation or whom counsel must advise concerning the status of the Litigation;

  d) outside experts and consultants, and any employees or persons retained by any such experts or consultants to assist them in their role as experts or consultants, employed or retained by any of the Parties or their counsel who are participating in the prosecution or defense of the Litigation;

  e) deponents noticed by the Parties, to the extent necessary for the conduct of this Litigation;

  f) court or deposition stenographers and videographers, and their staffs; and

  g) outside vendors, including their employees, retained by outside or in-house counsel for either Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services.

  7. Before any disclosure of Confidential Information is made to any individual described in paragraphs 6(c), (d), (e) and (g), such individual must be provided a copy of this Protective Order and must agree to be bound thereto and execute a certification in the form of Exhibit A attached hereto. Counsel must retain copies of the signed certifications. Documents may be handled by clerical personnel in the employ of any Party or non-Party that has executed the agreement who are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc. without such personnel signing the agreement.

8. Confidential Information may be used solely for the prosecution and defense of the Litigation (including appeals), and for no other purpose, absent further order of the Court. Under no circumstances shall any Confidential Information be copied, disclosed, transmitted, or used for any other purposes.

9. All Parties, their Counsel, and all persons designated in Paragraph 6, above, who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner that ensures that access is limited to the persons authorized under this Order.

10. Whenever Confidential Information is referred to or disclosed in a deposition, any Party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order. Additionally, any Party or any non-Party deponent may in good faith designate portions of a deposition transcript containing Confidential Information by (a) indicating on the record at the deposition that the testimony or other material is designated as Confidential Information pursuant to this Order; (b) by notifying all Parties in writing of such designation prior to the deposition; or (c) by making such designations within the earlier of thirty (30) days from the date the final transcript is first available for review by the witness or from the date that the preliminary transcript is received by counsel, if ordered. Transcript pages containing Confidential Information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL INFORMATION."

11. In the event that a Party seeks to refer to or disclose Confidential Information in any motion, hearing, or trial before the Court, including through paper submittals, argument or the presentation of evidence, nothing in this Order requires such submission or presentation to be filed

or made under seal. The Parties agree, however, that any information claimed by a Designating Party to be Confidential Information shall be entitled to protection under the terms of this Order, to the extent consistent with D.C.COLO.LCivR 7.2. In that regard, the Parties will take steps to protect the Confidential Information that are consistent with D.C.COLO.LCivR 7.2, including consideration of either redacting any Confidential Information or placing such Material in a separate confidential exhibit before filing. A Party or non-Party who desires to have any proceedings in this case, or any portion thereof, sealed on the grounds that information or testimony to be disclosed pertains to Confidential Information may move for an appropriate order prior to or at the time of the proceeding in question in compliance with D.C.COLO.LCivR 7.2 and any other legal authority governing the filing of motions to seal in the Litigation.

12. The production and disclosure in this Litigation of any information subject to protection under Fed. R. Civ. P. 5.2 shall be undertaken in compliance with Fed. R. Civ. P. 5.2. The Party producing information required to be redacted, if contained in a document to be filed with the Court pursuant to Fed. R. Civ. P. 5.2, shall not be required to perform such redaction prior to producing such document. Such redaction shall be the responsibility of any Party that submits such document to the Court. A Party or non-Party who desires to have any proceedings in this case, or any portion thereof, sealed on the grounds that information or testimony to be disclosed pertains to information protected under Fed. R. Civ. P. 5.2 may move for an appropriate order prior to or at the time of the proceeding in question in compliance with Fed. R. Civ. P. 5.2, D.C.COLO.LCivR 7.2 and any other rule governing the filing of motions to seal in the Litigation.

13. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation

by electing not to mount a challenge promptly after the original designation is disclosed. A Party that elects to initiate a challenge to a confidentiality designation must do so reasonably and in good faith and must begin the process by conferring directly with counsel for the Designating Party through a written Notice of Challenge to the confidentiality designation. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the parties cannot resolve any issue relating to a confidentiality designation within fourteen (14) days after service of the Notice of Challenge on the Designating Party, it shall be the obligation of the Designating Party to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential Information under the terms of this Protective Order until the Court rules on the motion. If the Designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Protective Order. In connection with a motion filed under this provision, the Designating Party shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

14.     The inadvertent disclosure of Discovery Material without the "CONFIDENTIAL INFORMATION" designation shall not be a waiver in whole or in part of a Party's or non-Party's claim or confidentiality with respect to information so disclosed, so long as the Party or other person making such inadvertent disclosure gives prompt notification, in writing, to the Receiving Party within seven (7) days after such inadvertent disclosure is discovered. Upon being provided with

notice that a Party has inadvertently produced documents subject to a claim of confidentiality, the Receiving Party shall promptly return all such information, and all copies thereof, to counsel for the Producing Party. The Producing Party shall provide the Receiving Party with replacement copies of the inadvertently disclosed material, designated as Confidential Information consistent with paragraph 4 of this Protective Order, within ten (10) days of the notice of inadvertent disclosure. Following receipt of notice of inadvertent disclosure of Confidential Information, the Receiving Party shall not use or disclose such information in any manner inconsistent with the provisions of this Protective Order applicable to Confidential Information. Disclosure by a Party of the document or information prior to receipt of written notice that Confidential Information has been inadvertently produced by the Producing Party shall not be deemed a violation of this Protective Order, but upon receipt of written notice that Confidential Information has been inadvertently produced, all reasonable steps shall be taken by the Parties to protect such inadvertently disclosed information in accordance with this Protective Order.

15. The following provisions apply to any inadvertent production in this Litigation of Discovery Material that is subject to a claim of privilege or protection as attorney work product ("Privileged Documents").

(a) If Privileged Documents are inadvertently produced in this Litigation by a Producing Party, the Party or other person making such inadvertent disclosure may provide notification, in writing, to the Parties within seven (7) days after such inadvertent disclosure is discovered. Upon being provided with notice that a Party has inadvertently produced Privileged Documents, the Receiving Party shall promptly return, sequester, or destroy, in accordance with the Producing Party's request, all Privileged Documents, and any copies or reproductions thereof (physically or electronically imaged or otherwise), shall not use or disclose the information until the

claim is resolved, and must take reasonable steps to retrieve and prevent further use or distribution of the information if the Receiving Party disclosed such information before being notified of the Producing Party's claim.

(b)     Receiving Party Challenge Provision: If the Receiving Party believes in good faith that any Privileged Documents identified as inadvertently produced are not protected under a privilege or as work product, or that such protections have been waived, the Receiving Party may, within seven (7) days of receipt of the Producing Party's demand for return of the Privileged Documents, provide the Producing Party with a written notice of dispute stating, with specificity, why the Receiving Party believes it need not return the Privileged Documents to the Producing Party. If the Parties cannot resolve the dispute informally, the Receiving Party may file an appropriate motion, no later than ten (10) days following the Receiving Party's written notice of dispute, requesting that the Court determine whether the Receiving Party must return the Privileged Documents to the Producing Party. During the pendency of such a motion, the Receiving Party may not make any use of the Privileged Documents. If the Receiving Party fails to file such a motion within the prescribed time, the Receiving Party will be deemed to have waived any and all arguments that (i) the Receiving Party is entitled to retain any of the Privileged Documents, and (ii) the Privileged Documents are not privileged or protected under the work product doctrine.

(c)     Consistent with Federal Rule of Evidence 502, the inadvertent production in this Litigation of Privileged Documents shall not waive any privilege or work-product protection that would otherwise attach to the Privileged Documents in this Litigation if the Producing Party complies with the provisions of this Paragraph 15. In addition, to the fullest extent authorized by Federal Rule of Evidence 502(d), the inadvertent disclosure of Privileged Documents in this

Litigation does not waive any applicable privilege or work-product protection in any other court action or to any persons who are not a Party to this Litigation.

16. Nothing in this Protective Order shall limit or affect the right of a Designating Party to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information.

17. Within sixty (60) days after the final termination of this Litigation, including any appeals thereof: (a) all original and identical copies of Confidential Information shall promptly be returned to the Party or non-Party who provided such Confidential Information or, upon that Party's or non-Party's written consent, shall be destroyed; and (b) any and all notes, abstracts, summaries, and excerpts prepared from Confidential Information shall be destroyed. Counsel for the Receiving Party shall provide a certification in writing within ten (10) days of such destruction, to counsel for all other Parties that such materials have been destroyed. A non-Party may request that all Parties return all Confidential Information at no cost to said non-Party. Notwithstanding the foregoing, each Party shall be permitted to keep and maintain an index of all documents produced by Parties and non-Parties in the Litigation and may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence (including e-mails) or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Discovery Information remain subject to this Protective Order as set forth in Paragraph 23 herein.

18. If a Receiving Party is served with a lawful subpoena, an order of a regulatory or judicial body or other legal process that would compel disclosure of any Confidential Information, the Receiving Party must so notify the Designating Party, in writing (and by e-mail, if possible) immediately and in no event more than three (3) business days after receiving the subpoena, order or other legal process. Such notification must include a copy of the subpoena, order or legal process.

The Receiving Party also must immediately inform in writing the party who caused the subpoena, order or other legal process to issue that some or all of the material covered by the subpoena, order or other legal process is the subject of this Protective Order, and shall promptly deliver a copy of this Protective Order to such party.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party an opportunity to seek judicial protection or take such other measures as it may deem necessary to prevent Confidential Information from being produced or otherwise becoming part of the public domain. The Designating Party shall bear the burdens and expenses of seeking protection of its confidential material. If such judicial protection or other measure is not obtained and all appeals of any adverse decision are unsuccessful or if the Designating Party waives compliance by the Receiving Party with the provisions of this Protective Order, the Receiving Party shall disclose only that portion of the Confidential Information in question that the Receiving Party's counsel advises is legally required to be released.

19. In the event that any additional persons or entities become parties to the Litigation, neither they nor their counsel shall have access to Confidential Information until the newly-joined Party, by its counsel, and the existing Parties to this action have so agreed in a supplemental protective order executed by all parties.

20. This Protective Order shall not be deemed to prevent any Party from seeking, for good cause shown, a further protective order, either more or less restrictive, as to any document, tangible thing, material, testimony or information. The Party seeking the further protective order bears the burden of establishing good cause for any change from the terms of this Protective Order.

21. This Protective Order shall not be deemed a waiver of:

1.  any Party's right to seek an order compelling discovery with respect to any discovery requests;

2.  any Party's right to object to any discovery or the production of any information or documents;

3.  any Party's right to object to the admission of any evidence on any grounds in any proceeding herein; or

4.  any Party's right to use and disclose its own Confidential Information with complete discretion.

22. This Protective Order may be modified by further order of the Court, or by agreement of counsel for the Parties, subject to the approval of the Court and provided that any such agreement shall be in the form of a written stipulation filed with the Clerk of the Court and made a part of the record in this case.

23. All provisions of this Protective Order shall survive the conclusion of the Litigation, and shall continue to be binding after the conclusion of the Litigation unless subsequently modified by agreement of the Parties or further order of the Court. "Conclusion of the Litigation" shall mean all appeals have been concluded, all appellate periods have expired and any settlement or judgment has become final.

24. Prior to the date that the Court enters or rejects this Protective Order, and, in the event that the Court rejects the Protective Order, for a period of fourteen (14) days after the Court's determination, all Confidential Information produced in the Litigation by any Party or non-Party shall be treated as if this Protective Order had been entered by the Court.

IT IS SO ORDERED.

ENTERED this 17th day of February, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

Stipulated to by:

*s/ Michael Harris*

Michael Ray Harris,
Kevin J. Lynch,
Kate Finnigan (Student Attorney)
Environmental Law Clinic
University of Denver, Sturm College of Law

2255 E. Evans Ave.
Denver, CO  80208
Telephone: 303-871-7870
Facsimile: 303-871-6847
mharris@law.du.edu
kylnch@law.du.edu

Lino S. Lipinsky de Orlov
Herbert L. Fenster
McKenna Long & Aldridge LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202
Telephone: 303-634-4000
Facsimile: 303-634-4400
llipinsky@mckennalong.com
hfenster@mckennalong.com

*Counsel for Plaintiff WildEarth Guardians*

*s/ Jacy T. Rock*

Colin C. Deihl,
Linda L. Rockwood,
Jacy T. Rock,
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO  80203
Telephone: 303-607-3500
Facsimile: 303-607-3600
cdeihl@faegre.com
lrockwood@faegre.com
jrock@faegre.com

William Bumpers
Kent Mayo
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, DC  20004-2400
Telephone: 202-639-7700
Facsimile: 202-639-7890
william.bumpers@bakerbotts.com,
kent.mayo@bakerbotts.com

*Counsel for Defendant Public Service Company of Colorado*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  09-CV-01862-ZLW-MEH

WILDEARTH GUARDIANS,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a XCEL ENERGY,

    Defendant.

**CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER**

The undersigned, _____, hereby acknowledges that I have received a copy of the Protective Order entered in this action, to which this agreement was attached as Exhibit A, have read it, and agree to be bound by all provisions thereof including, without limitation, that I will not use Confidential Information for any purpose not permitted by the Protective Order; that I shall return to Counsel supplying me with said Confidential Information at the conclusion of this Litigation, including any appeals therein, all copies of such Confidential Information that have been provided to me, including all notes, abstracts, summaries and excerpts prepared from Confidential Information, that have not previously been destroyed by me; that I shall not make any copies of Confidential Information for any purpose not permitted by the Protective Order; and, that I shall not provide Confidential Information to anyone else who has not executed this Agreement or who, pursuant to this Protective Order is not entitled to receive Confidential Information without executing this Agreement.  I further understand that I shall remain bound by the Protective Order unless otherwise ordered by the Court, and I hereby submit to the jurisdiction

of this Court for the purpose of enforcement of the Protective Order and waive any and all objections to jurisdiction and venue for that purpose.

Dated: _____          Signature:

                                              Name:

                                              Address:

fb.us.4860415.01