IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01862-ZLW-MEH

WILDEARTH GUARDIANS,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO d/b/a XCEL ENERGY,

    Defendant.

_____

**STIPULATED PROTECTIVE ORDER GOVERNING EXPERT DISCOVERY**
_____

**Michael E. Hegarty, United States Magistrate Judge**.

    Upon stipulation of counsel, WildEarth Guardians ("Plaintiff") and Public Service Company of Colorado, d/b/a Xcel Energy ("Defendant") (each individually "Party" and collectively "the Parties") hereby jointly propose an order protecting the confidentiality of certain expert witness documents and communications.

    Having considered the motion, the Court is of the opinion that the motion is well taken and has granted the motion. It is, therefore, ORDERED as follows:

    The Federal Rules of Civil Procedure, as modified by the Local Rules of Civil Practice for the United States District Court for the District of Colorado will apply in the above-captioned matter ("Litigation") except as provided in this Order or other Orders of the Court.

    The Court hereby orders, pursuant to Federal Rule of Civil Procedure 26(c), that the Parties produce and handle expert witness reports and communications between expert witnesses and Party's counsel in connection with the Litigation in accordance with the criteria below:

    1.    Drafts of any report that have been or will be prepared by a witness that would be

discoverable under the current Rule 26(a) or (b) shall be protected pursuant to the proposed amended Rule 26(b)(4)(B) and (C) (effective December 1, 2010) (the "proposed Rule 26(b)(4)(B) and (C)"), regardless of the form in which the draft is recorded.

2. Past or future communications between the Party's counsel and any witness required to provide a report under Rule 26(a)(2)(B), shall be protected pursuant to proposed Rule 26(b)(4)(B) and (C), regardless of the form of the communications, except to the extent that the communications:

1. relate to compensation for the expert's study or testimony;
2. identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or
3. identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

3. This Protective Order may be modified by further order of the Court, or by agreement of counsel for the Parties, subject to the approval of the Court and provided that any such agreement shall be in the form of a written stipulation filed with the Clerk of the Court and made a part of the record in this case.

4. All provisions of this Protective Order shall survive the conclusion of the Litigation, and shall continue to be binding after the conclusion of the Litigation unless subsequently modified by agreement among the Parties or further order of the Court. "Conclusion of the Litigation" shall mean all appeals have been concluded, all appellate periods have expired and any settlement or judgment has become final.

5. The purpose of this Protective Order is to: (1) facilitate discovery and production of documents in this Litigation; and (2) facilitate open communications between counsel for the Parties

and their respective witnesses as may be necessary for the defense and prosecution of this Litigation. Nothing in this Order shall prejudice in any way the right of any Party to seek a court determination of whether particular discovery material should remain subject to the terms of this Protective Order. Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

    IT IS SO ORDERED.

    Dated at Denver, Colorado, this 2nd day of September, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge


Stipulated by:

For Plaintiff:

August 31, 2010
Date

s/ Kevin Lynch
Kevin Lynch
Environmental Law Clinic
University of Denver
Sturm College of Law
(303) 871-6140

August 27, 2010
Date

s/ A. Kent Mayo
A. Kent Mayo
Baker Botts L.L.P.
(202) 639-1122

For Defendant: