IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01862-ZLW-MEH

WILDEARTH GUARDIANS,
    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO
d/b/a XCEL ENERGY,
    Defendant.

**PLAINTIFF WILDEARTH GUARDIAN'S MOTION FOR PROTECTIVE ORDER**

Plaintiff, WildEarth Guardians, respectfully moves the Court, pursuant to FED. R. CIV. P. 26(C)(1)(A), to grant this protective order relieving WildEarth Guardians of its obligation to respond to Xcel's Second Set of Interrogatories (attached hereto as "Exhibit 1"). WildEarth Guardians seeks this order on three grounds: (1) Xcel had previously exceeded the thirty-five interrogatory limit imposed on each party by the Court in the Scheduling Order; (2) Xcel's Second Set of Interrogatories purports to contain one interrogatory, but that interrogatory is compound, constituting upwards of eighty-one additional interrogatories; and (3) Xcel's Second Set of Interrogatories places an unnecessary burden on WildEarth Guardians as it improperly seeks to require WildEarth Guardians to explain in detail the basis for each of its denials in Xcel's Request of Admissions.

Counsel for WildEarth Guardians conferred in good faith with counsel for Xcel regarding the issues raised in this motion. The parties corresponded regarding these matters on November 11, 12, and 15 of 2010 and were unable to resolve the issue.

**I.      FACTUAL BACKGROUND**

1

Section 8(i) of the Scheduling Order in this case sets forth that each party is permitted up to thirty-five interrogatories. (Doc. No. 32). On April 2, 2010, Xcel submitted its First Set of Interrogatories to WildEarth Guardians. Upon review, it became clear that this request far exceeded the Interrogatory limit set forth in this case. WildEarth Guardians subsequently sent Xcel's counsel an April 28, 2010 letter to express the concern that Xcel's interrogatories did not comport with the Scheduling Order (attached hereto as "Exhibit 2").

During early and mid-May, the parties communicated numerous times via email and telephone in an attempt to address the dispute. On May 18, 2010, counsel for Xcel sent a letter to WildEarth Guardians asserting that Xcel believed that "its interrogatories, as initially served comply fully with Rule 33 and the thirty-five interrogatory limit" (attached hereto as "Exhibit 3"). Despite this contention, Xcel agreed to alter its original request considerably and provided WildEarth Guardians with a revised set of interrogatories (attached hereto as "Exhibit 4"). Upon receipt of these revised requests, WildEarth Guardians contacted Xcel, via e-mail, and expressed that the revisions still exceeded the limit by two. Given the insubstantial nature of responding to only two additional interrogatories, WildEarth Guardians agreed to respond to all thirty-seven but reserved the right to object to answering any further interrogatories (attached hereto as "Exhibit 5").

On September 29, 2010, WildEarth Guardians received Defendants First Set of Requests for Admission and Second Set of Interrogatories from Xcel. Following eighty-one requests for admission, Defendant posed interrogatory No. 14 that stated:

> For each of the Requests for Admission contained in Defendant's First Requests for Admission that Plaintiff fails to admit in its entirety and without limitation, please identify the factual basis for that failure to admit, in whole or in part, or for any limitation on such admissions.

On November 11, 2010, counsel for WildEarth Guardians contacted Xcel and expressed its objection to responding to Interrogatory No. 14. Defendant responded on November 12, 2010 expressing the unsubstantiated opinion that its First Set of Interrogatories did not exceed the limit. In fact, Defendant contended that WildEarth Guardians Responses to Defendants First Set of Interrogatories only contained nineteen subparts when an examination of WildEarth Guardians objections clarify that Xcel's requests contained thirty-seven individual interrogatories. Because Xcel has already exceeded the interrogatory limit and refused to agree that WildEarth Guardians is not obligated to respond to an additional compound interrogatory, Plaintiff was compelled to pursue this Motion for Protective Order.

## II.     LEGAL STANDARD

Each interrogatory and discrete subpart counts against the numerical limit. FED. R. CIV. P. 33(a). Although the rules do not define "discrete subpart," the Advisory Committee cautioned against evading the limit by "joining as 'subparts' questions that seek information about discrete separate subjects." FED. R. CIV. P. 33 Advisory Committee notes. Subparts seeking details of a particular subject area are generally considered one interrogatory, whereas "an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of the limitation." Williams v. Board of County Com'rs of the Unified Gov't of Wyandotte County and Kan. City, Kan., 192 F.R.D. 698, 701 (D. Kan. 2000) (quotations omitted).

In Kovacs v. The Hershey Company, Judge Boland stated that the determination of whether subsequent questions within an interrogatory are discrete includes an examination of "whether the first question is primary and subsequent questions are secondary to the primary question . . . or can the subsequent question stand alone?" No. 04-CV-01881, 2006 WL 1980291, at *1 (D. Colo. July 13, 2006); Kendall v. GES Exposition Services, Inc., 174 F.R.D.

3

684 at 685-86 (D. Nev. 1997). Often interrogatories contain subparts that follow an introductory sentence and are commonly related in some respect. See Kovacs, 2006 WL 1980291, at *3. However, "that relationship does not transform the two distinct requests of [the] interrogatory . . . into one request." Id. Rather, when "the first question can be answered fully and completely without answering the second question" the two requests are considered independent of one another and are treated as separate interrogatories. See Kendall, 174 F.R.D. at 686. Therefore, discrete or separate questions should be counted as separate interrogatories even if they are joined by a conjunctive word and may be related. Kovacs, 2006 WL 1980291, at *1. Based upon this standard, when a party has exceeded the maximum number of permitted interrogatories, the opposing party is entitled to a protective order relieving it of the obligation to respond to excessive interrogatories. Semsroth v. City of Wichita, No. 06-2376, 2008 WL 1924945, at *1-2 (D. Kan. April, 28, 2008).

### III. ARGUMENT

    A.    <u>The Court Should Grant the Motion for Protective Order Relieving WildEarth Guardians of its Obligation to Respond to Additional Interrogatories because Xcel has Already Exceeded the Limit Set Forth in the Scheduling Order</u>

Section 8(i) of the Scheduling Order sets forth that each party shall be permitted thirty-five interrogatories. Defendant's First Set of Interrogatories contained thirty-seven discrete subparts and WildEarth Guardians responded to each. Because Defendant has exceeded the interrogatories limit, the court should grant this motion for protective order relieving WildEarth Guardians from having to respond to any additional interrogatories.

WildEarth Guardians analyzed Defendant's revised First Set of Interrogatories (attached here to as "Exhibit 6") and determined that numbers 1, 3, 4, 5, 8, 9, 10, and 12 were all

4

compound, containing numerous discrete subparts equating to several individual interrogatories.

For instance, Interrogatory No. 4 asks WildEarth Guardians to:

> Identify each and every occasion at the Cherokee Station that you allege involved a violation of the opacity limits set forth in Cherokee's Title V Operating Permit, the Colorado SIP, or the CAA. For each and every occasion that you identify:
>
> a) identify and describe in detail the reasons supporting your allegation that the occasion involved a violation of the opacity limit, including specifically which requirements (Title V Operating Permit, the Colorado SIP, and/or the CAA) were violated; and
>
> b) identify all facts and factors on which you relied or intend to rely in determining or demonstrating that the occasion involved a violation of an opacity requirement.

While responding to this interrogatory, WildEarth Guardians objected on the grounds that this request consists of three discrete subparts that can stand independently of one another. The first subpart asks WildEarth Guardians to outline each individual opacity violation alleged in the complaint. The second subpart requests a comprehensive explanation of WildEarth Guardians reasoning for alleging that each asserted incident was, in fact, an opacity violation. Finally, the third subpart asks WildEarth Guardians to provide all facts and factors that were relied upon in determining that each occasion amounted to an opacity violation. While each of these subparts generally relates to allegations of opacity violations, each subpart requests information entirely independent of the other subparts. Because Interrogatory No. 4 consists of three independent questions, this request amounts to three separate interrogatories.

Additionally, Interrogatory No.12 asks WildEarth Guardians to:

> Identify all public statements, including but not limited to press releases, interviews, reports, administrative or judicial filings, made by your*** or on your behalf that discuss or relate to any of the following:
>
> a. Cherokee Station;
>
> b. Continuous opacity monitoring requirements; or
>
> c. Coal-fired generating units in Colorado operated by Xcel Energy, Inc., or Public Service Company of Colorado.

5

While responding to this interrogatory, WildEarth Guardians again objected because this request consists of three discrete subparts. While the introductory sentence reveals that the general topic of this request is public statements, each subpart can stand independently. For example, the first subpart asks for all public statements made by or on behalf of WildEarth Guardians discussing or relating to Cherokee Station. The second asks for all public statements made by or on behalf of WildEarth Guardians discussing or relating to continuous opacity monitoring requirements. Finally, the third subpart requests public statements made by or on behalf of WildEarth Guardians relating to all coal-fired generating units operated by Xcel in Colorado. Each of these subparts relates generally to public statements made by or on behalf of WildEarth Guardians. However, each subpart stands independently of the others in that each pertains to public statements on different topics making Interrogatory No. 12 three independent interrogatories. Similarly, interrogatories 1, 3, 5, 8, 9, and 10 each contain discrete subparts amounting to numerous interrogatories.[1]

In Kovacs, Plaintiff's Interrogatories to Defendant included Interrogatory 13 that stated:

> The Selection Team conducted the selection process using a disciplined approach. First, the pool of minimally qualified Sales employees was determined for each position at issue. The Selection Team then ascertained essential job related dimensions for each position. The Selection Team then reviewed in detail and on an individualized basis the pool of minimally qualified candidates to identify candidates who possessed and/or excelled in the dimensional qualifications. Final candidates then were further culled among those who had the requisite dimensional qualifications.
> With regard to those contentions:
> a. Identify and describe how the Selection Team determined the pool of

---

[1] As evidenced by WildEarth Guardians objections in its Responses to Defendants First Set of Interrogatories, Interrogatory No.1 consists of three discrete subparts; Interrogatory No. 3 consists of three discrete subparts; Interrogatory No. 5 consists of two discrete subparts; Interrogatory No. 8 consists of six discrete subparts, Interrogatory No. 9 consists of six discrete subparts, and Interrogatory No. 10 consists of six discrete subparts.

6

> minimally qualified candidates for each position before they ascertained the essential job related dimensions for each position; and
>
> b. Identify and describe the data and information concerning the performance of each employee the Selection Team relied upon as it undertook each of these steps.

2006 WL 1980291, at *2-3.  As acknowledged by Judge Boland, this interrogatory contains an introductory statement that "establishes a relationship between the two distinct pieces of information which the interrogatory seeks."  Id. at *3.  However, explained the court, "that relationship does not transform the two distinct requests of [the] interrogatory ... into one request."  Id.  The court held that, despite the introductory statement, this interrogatory consisted of two distinct subparts that sought related, but independent information.  Id.

In Kendall, the court evaluated an interrogatory that requested that the opposing party:

> Identify fully the minimum qualifications for an employee to be hired onto "freight," including, but not limited to, the ability to drive heavy machinery, experience in the industry, and all other criteria used by Defendants. Also, identify any document in which these qualifications are articulated.

174 F.R.D. at 686.  Though related to the same general topic, the court held that this interrogatory consisted of a request for a description of qualifications and a separate request for a description of documents.  Id.  Because "the first question can be answered fully and completely without answering the second question" the court held that the two requests were independent and separate interrogatories.  Id.

As in Kovacs and Kendall, Defendant's First Set of Interrogatories included numerous independent requests that amounted to more than a single interrogatory.  Interrogatories 1, 3, 4, 5, 8, 9, 10, and 12 each contained between two and six subparts.  In all, even after revision by Xcel, Defendant's First Set of Interrogatories included a total of thirty-seven independent requests.  While the Scheduling Order only allowed for thirty-five, WildEarth Guardians agreed to respond to all thirty-seven in an attempt to compromise but reserved the right to object to any

7

additional interrogatories as a violation of the limit set forth in this case. Because Defendant subsequently presented an additional interrogatory requesting that WildEarth Guardians provide more information than is required by the Federal Rules in responding to Defendant's Requests for Admission, WildEarth Guardians should not be obligated to respond to this excessive interrogatory.

B. <u>The Court Should Grant the Motion for Protective Order Relieving WildEarth Guardians of its Obligation to Respond to Additional Interrogatories because Xcel's Additional Interrogatory Is Compound and Alone Exceeds the Limit Set Forth in the Scheduling Order</u>

Even if it was arguable that Xcel had not previously exceeded the thirty-five interrogatory limit, its proposed "Interrogatory No. 14" is compound. Xcel seeks for WildEarth Guardian to explain each and every denial of Xcel's Request for Admissions. Each of these interrogatory requests are clearly discrete, and constitute upwards of eighty-one interrogatories. In fact, many of Xcel's eighty-one Requests for Admissions are also compound, making the potential number of responses to interrogatories even greater. For this reason the Court should also grant the Protective Order.

C. <u>The Court Should Grant the Motion for Protective Order Because Xcel's "Interrogatory No. 14" is Unnecessarily Burdensome</u>

Federal Rule of Civil Procedure 26(c) states that a Court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c). Here, Xcel's "Interrogatory No. 14" poses an unnecessary burden on WildEarth Guardians by seeking to compel additional information related to its Request for Admission that is not otherwise required by the Federal Rules.

In responding to requests for admission, the responding party must admit, deny, or provide the reason for the inability to truthfully admit or deny it. FED. R. CIV. P. 36(a)(4).

Therefore, "a party is allowed to simply deny a request for admission without providing any explanation." Vetter v Keate, No. 2:09-cv-137, 2010 WL 1566417 at *2 (D. Utah. April 16, 2010); See FRCP 36(a)(4). Therefore, because requests for admission may simply be denied when appropriate, an interrogatory that asks that the responding party explain the basis for any denials of requests for admission exceeds the scope required for responding to requests for admission.

## IV.    CONCLUSION

In conclusion, WildEarth Guardians respectfully requests that this court grant this Motion for Protective Order to relieve Plaintiff from having to respond to Defendants Second Set of Interrogatories because Defendant has already exceeded the interrogatory limit set forth in the Scheduling Order.

DATED: November 15, 2010

Respectfully submitted,

*/s/ Michael Ray Harris*

Kevin Lynch, Esq.
Professor Michael Ray Harris, Esq.
Patrick Spellman, Student Attorney
Nicholas Murray, Student Attorney
Daniel Valenzuela, Student Attorney
ENVIRONMENTAL LAW CLINIC
UNIVERSITY OF DENVER
STURM COLLEGE OF LAW
2255 E. Evans Ave.
Denver, CO 80208
Telephone: (303) 871-6140
Facsimile (303) 871-6847
E-mail: mharris@law.du.edu
E-mail: klynch@law.du.edu
E-mail: pspellman11@law.du.edu
E-mail: nmurray11@law.du.edu
E-mail: dvalenzuela10@law.du.edu

Lino S. Lipinsky de Orlov, Esq.
Herbert L. Fenster, Esq.
MCKENNA LONG & ALDRIDGE LLP
1400 Wewatta Street, Suite 700
Denver, Colorado 80202
Telephone: (303) 634-4000
Facsimile: (303) 634-4400
E-mail: llipinsky@mckennalong.com
E-mail: hfenster@mckennalong.com

ATTORNEYS FOR PLAINTIFF,
WILDEARTH GUARDIANS

## CERTIFICATE OF SERVICE

      I hereby certify that on this 15th day of November, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Colin C. Deihl, Esq.
Linda Rockwood, Esq.
Jacy T. Rock, Esq.
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
cdeihl@faegre.com
lrockwood@faegre.com
jrock@faegre.com

Kent Mayo, Esq.
William Bumpers, Esq.
BAKER BOTTS L.L.P.
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004
kent.mayo@bakerbotts.com
william.bumpers@bakerbotts.com

For the sealed documents (exhibits 4, 6, 7, 9, and 10), a true and correct copy was deposited in United States Mail, First Class postage prepaid, properly addressed to the above counsel.

                                                */s/ Michal Ray Harris*
                                                Professor Michael Ray Harris, Esq.