# Exhibit 3

# BAKER BOTTS L.L.P.

THE WARNER
1299 PENNSYLVANIA AVE., NW
WASHINGTON, D.C.
20004-2400

TEL +1 202.639.7700
FAX +1 202.639.7890
www.bakerbotts.com

ABU DHABI
AUSTIN
BEIJING
DALLAS
DUBAI
HONG KONG
HOUSTON
LONDON
MOSCOW
NEW YORK
PALO ALTO
RIYADH
**WASHINGTON**

May 18, 2010

BY ELECTRONIC MAIL

Kent Mayo
TEL +1 (202) 639-1122
kent.mayo@bakerbotts.com

Dan Vedra
Environmental Law Clinic
Student Law Offices
2255 E. Evans Avenue
Denver, Colorado 80222

Re: WildEarth Guardians v. Public Service Co., Case No. 09-CV-01862-ZLW-MEH
Defendant's First Set of Interrogatories to Plaintiff

Dear Mr. Vedra:

This letter follows our telephone discussion on Thursday regarding WildEarth Guardians' ("WEG's") assertion that Public Service Company's ("PSCo's") First Set of Interrogatories to Plaintiff contains more Interrogatories than allowed under the Scheduling Order entered in the case.

PSCo believes that its Interrogatories as initially served comply fully with Rule 33 and the thirty-five interrogatory limit in the Scheduling Order. The subparts identified within PSCo's Interrogatories seek details relating to the common themes identified in the core requests and are logically and factually subsumed by the Interrogatory under which they are set forth. Moreover, each of PSCo's Interrogatories are contention interrogatories specifically directed at obtaining the factual and legal basis of WEG's contentions in its Complaint. The interrogatory limit is not intended to unduly restrict PSCo's legitimate inquiries into WEG's allegations. Therefore, we contend that a decision by WEG to answer less than all of the promulgated Interrogatories would be improper and subject to a motion to compel.

Notwithstanding PSCo's disagreement with your position, we would prefer to resolve this issue without the unnecessary expense and wasted resources associated with a motion to compel. In an effort to resolve this dispute through compromise, we have made revisions to our original Interrogatories to reduce the number of identified subparts and to refine the requests to address your stated concerns. The revised Interrogatories (attached to this letter in redline and clean format) seek core information underlying WEG's allegations and should address any potential objections regarding compliance with the interrogatory limit.

We propose that WEG provide a complete response to the revised Interrogatories within a time period to be discussed by the parties. If the parties cannot reach agreement regarding responses to the revised Interrogatories, PSCo will consider all appropriate actions, including a motion to compel WEG to respond to PSCo's original Interrogatories.

**BAKER BOTTS** LLP

- 2 -                                                                                  May 18, 2010

Please let us know when your available this week to discuss this proposal.

                                                      Sincerely,

                                                      *[signature]*

                                                      Kent Mayo

Attachment

CC:   Mike Harris
      Kevin Lynch
      Lino Lipinsky
      Herb Fenster
      Colin Diehl
      Jacy Rock