# Exhibit 4

## DEFENDANT'S FIRST SET OF INTERROGATORIES
### Proposed Revised Version - May 18, 2010

**INTERROGATORY NO. 1:**

Identify by date and time each and every occasion at the Cherokee Station that you allege constitutes a violation of the opacity monitoring requirements set forth in Cherokee's Title V Operating Permit, the Colorado SIP, or the CAA and for which you are seeking relief through your Complaint, and for each occasion:

    a)     identify and describe in detail the reasons supporting your allegations in paragraphs 59-63 of your Complaint that the occasion constituted a violation of the opacity monitoring requirements, including specifically which requirements (Title V Operating Permit, the Colorado SIP, and/or the CAA) were violated; **and**

    (b)     identify all facts and factors on which you relied or intend to rely in determining or demonstrating that the occasion involved a violation of an opacity monitoring requirement;

    (c)     ~~identify the duration of each alleged violation of the opacity monitoring requirements and identify all facts and factors supporting your conclusion regarding the duration of each such alleged violation, including all monitoring or other applicable data;~~

    (d)     ~~identify all documents you prepared, reviewed, and/or relied upon or intend to rely upon in reaching the determination or demonstrating that the occasion involved a violation of an opacity monitoring requirement;~~

    (e)     ~~identify the person(s) who made or will make the determination(s) that the~~

~~occasion involved a violation of the opacity monitoring requirements;~~

~~(f) identify the date when you first became aware of the alleged violation of the continuous opacity monitoring requirements and how you learned of the alleged violation; and (g) identify all person(s) with EPA, Colorado Department of Public Health and the Environment's Air Pollution Control Division, or other regulatory agencies with whom you discussed or consulted regarding your determination that the occasion involved a violation of the opacity monitoring requirements.~~

## INTERROGATORY NO. 2:

If you contend that any of the opacity monitor downtime periods that you identified in response to Interrogatory No. 1 did not result from or occur during "periods of calibration, quality assurance, or preventative maintenance, performed pursuant to § 75.21 and Appendix B of [40 C.F.R. Part 75], periods of repair, periods of backup data from the data acquisition and handling system, or recertification performed pursuant to § 75.20," describe the factual basis for your contention for each such occurrence ~~and identify and describe all statements, documents or other evidence which support or otherwise validate, your contentions.~~ .

**INTERROGATORY NO. 3:**

Identify and describe the factual and legal basis, ~~and identify and describe all statements, documents or other evidence which support or otherwise validate,~~ your contentions ~~in paragraph 61 of your Complaint~~ that:

    a.    "Cherokee's downtime as reported in its EER in most instances does not fall within one of the limited exceptions provided by Clean Air Act regulations."

    b.    "Cherokee's downtime is unexcused because it includes repeated monitor equipment and communication failures."

    c.    "Most of the monitoring downtime in the past five years is the result of similar, foreseeable malfunction events."

**INTERROGATORY NO. 4:**

Identify each and every occasion at the Cherokee Station that you allege involved a violation of the opacity limits set forth in Cherokee's Title V Operating Permit, the Colorado SIP, or the CAA. For each and every occasion that you identify:

    (a)    identify and describe in detail the reasons supporting your allegation that the occasion involved a violation of the opacity limit, including specifically which requirements (Title V Operating Permit, the Colorado SIP, and/or the CAA) were violated; **and**

    (b)    identify all facts and factors on which you relied or intend to rely in determining or demonstrating that the occasion involved a violation of an opacity requirement~~;~~

    ~~(c)    identify the duration of each alleged violation of the opacity limits and identify all~~

~~facts and factors supporting your conclusion regarding the duration of each such alleged violation, including all monitoring or other applicable data;~~

(d) ~~identify all documents you prepared, reviewed, and/or relied upon or intend to rely upon in reaching the determination or demonstrating that the occasion involved a violation of an opacity requirement;~~

(e) ~~identify the person(s) who made or will make the determination(s) that the occasion involved a violation of the opacity requirements;~~

(f) ~~identify the date when you first became aware of the alleged violation of the opacity requirements and how you learned of the alleged violation; and (g) identify all person(s) with EPA, Colorado Department of Public Health and the Environment's Air Pollution Control Division, or other regulatory agencies with whom you discussed or consulted regarding your determination that the occasion involved a violation of the opacity requirements.~~.

**INTERROGATORY NO. 5:**

If you contend that any alleged opacity violation identified in your response to Interrogatory No. 4 was not caused by a "malfunction," an "upset~~," or an "emergency,~~" or was caused by one of those events but is not subject to a defense based on the event, describe the factual and legal basis for your contention ~~and identify and describe all statements, documents, and other evidence which support your contentions~~.

**INTERROGATORY NO. 6:**

Describe the factual and legal basis for your contention in Paragraph 70 of your Complaint that Defendant failed to report monitor downtimes in Deviation Reports and/or Annual Compliance Reports for Cherokee Station in violation of Cherokee's Title V Operating Permit, the Colorado SIP, or the CAA, and identify and describe all statements, documents or other evidence which support or otherwise validate your contention.

**INTERROGATORY NO. 7:**

Describe the factual and legal basis for your contention in Paragraph 71 of your Complaint that Defendant failed to certify the accuracy and completeness of Excess Emissions Reports and/or Deviation Reports for Cherokee Station in violation of Cherokee's Title V Operating Permit, the Colorado SIP, or the CAA, and identify and describe all statements, documents or other evidence which support or otherwise validate your contention.

**INTERROGATORY NO. 8:**

Describe the factual basis for the allegations in your Complaint that harm to human health or the environment has been caused by Defendant's alleged violations of (a) opacity monitoring requirements, (b) opacity limits, (c) reporting requirements associated with opacity monitoring, and for each individual violation that you allege identify any specific harm to human health or the environment that you contend resulted from that violation, including the nature of the alleged harm, the identity of the persons affected, and any statements, documents or other evidence which supports your contention.

**INTERROGATORY NO. 9:**

If you contend that a civil penalty should be imposed for any of the violations alleged in your complaint, describe the legal and factual bases for your contention, identify all facts and factors on which you intend to rely in seeking a civil penalty and in establishing the amount of any such penalty, ~~and identify any statements, documents or other evidence which support your contention~~.

**INTERROGATORY NO. 10:**

If you contend that injunctive relief should be imposed for any of the violations alleged in your complaint, describe the legal and factual bases for your contention, identify all facts and factors on which you intend to rely in seeking injunctive relief, ~~and identify any statements, documents or other evidence which support your contention~~.

**INTERROGATORY NO. 11:**

If you contend that Defendant should be required to install additional opacity or particulate monitoring equipment, or otherwise alter its practices and procedures at Cherokee Station with respect to opacity control or monitoring, describe the legal and factual basis for your contention, including all technical, engineering, regulatory or industry standard information or data which support your contentions.

**INTERROGATORY NO. 12:**

Identify all public statements, including but not limited to press releases, interviews, reports, administrative or judicial filings, made by you or on your behalf that discuss or relate to any of the following:

    a.    Cherokee Station;

    b.    continuous opacity monitoring requirements; or

    c.    coal-fired generating units in Colorado operated by Xcel Energy, Inc., or Public Service Company of Colorado.

**INTERROGATORY NO. 13:**

To the extent not yet identified in response to these Interrogatories, please identify every source of data and means of analysis that you have used or expect to use in making or substantiating the allegations contained on the Complaint, by paragraph number, and/or in your Notice Letter.