Exhibit 6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 09-CV-01862-ZLW-MEH

**WILDEARTH GUARDIANS,**

  **Plaintiff,**

v.

**PUBLIC SERVICE COMPANY OF COLORADO
d/b/a XCEL ENERGY**

  **Defendant.**

## DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Public Service Company of Colorado d/b/a Xcel Energy ("PSCo"), by and through its counsel, hereby submits its First Set of Interrogatories to Plaintiff, WildEarth Guardians. Plaintiff is required to answer the Interrogatories set forth below under oath within thirty (30) days from the date of service.

### DEFINITIONS

1.    "CAA" or the "Act" means the Clean Air Act, 42 U.S.C. §§ 7401 *et seq.*, as amended, and all rules and regulations promulgated thereunder.

2.    "Cherokee Station" or "Cherokee" means the Cherokee Station electric generation plant, including Electric Generating Units 1, 2, 3, and 4, located in Denver, Adams County, Colorado.

3.    "Colorado" means the State of Colorado, and any of its present or former

officers, directors, executives, employees, agents, attorneys (including the Attorney General of the State of Colorado or counsel for any other entity of the State of Colorado), departments, agencies, offices, divisions, affiliates, commissions (*e.g.*, public service commission, public corporations, public benefit corporations, and all other persons acting or purporting to act on its behalf).

4.     "Colorado SIP" means the state implementation plan adopted by Colorado pursuant to Section 110 of the CAA, 42 U.S.C. §7410, as submitted to and/or approved by the EPA as set forth in 40 C.F.R. Part 52.

5.     "Communication" or "communications" refers to any and all of the following: any documents, writings, notes, oral conversations, conversations or discussions by telephone or by computer, or other exchange of information in any form (and any notes or recordations of them).

6.     "Complaint" means the Complaint filed by Plaintiff in this action on August 6, 2009.

7.     "Defendant" means Public Service Company of Colorado d/b/a Xcel Energy ("PSCo").

8.     "Describe" when used with respect to a statement or communication, means to identify the person making the statement or communication, the date it was made, the person(s) to whom the statement or communication was made and who witnessed the same, the substance of the statement or communication, and the place the statement or communication was made.

9.     "Describe" when used in connection with an act, means to identify the actor, the specific nature of the act, the date and place of the act, and the individuals present.

10.     The term "documents" is used in the broadest sense and includes originals, non-identical copies and drafts, whether printed or recorded or reproduced by hand or otherwise, and includes, but is not limited to, correspondence, letters, memoranda, notes, inter- or intra-office, agency, or departmental communications of any type (including electronic mail or "e-mail"), records, permits, summaries of personal or telephone conversations or interviews, minutes or records of meetings or conferences (including meetings of boards, committees, sub-committees, or any individual member thereof), press releases, contracts, agreements, purchase orders, invoices, confirmations, telegrams, telexes, books, preliminary and final reports, logs, diaries, audio recordings, video recordings, charts, photographs, notebooks, calendars, statistical statements, tables, tabulations, calculations, data, diagrams, plans, drawings, blueprints, orders, work orders, and opinions or reports of consultants, experts, attorneys, engineers, accountants, or analysts, whether existing in hard copy or as reasonably accessible Electronically Stored Information ("ESI"), which includes, but is not limited to, data or documents stored on computer hard disks, computer memory, computer networks and servers, floppy disks, tapes, compact disks, or data or documents stored as email, instant messages, voicemails, text messages, or any other electronic, digital, magnetically or optically recorded, or generated data.

11.     "EPA" means the United States Environmental Protection Agency (including the Administrator of the United States Environmental Protection Agency), its headquarters, offices, regions, departments, agencies, and its present and former officers, executives, directors, employees, agents, attorneys, and affiliates, and all other persons acting or purporting to act on its behalf.

12.     "EPA Reference Method 9," "Method Nine," and "Method 9 Test" mean test

3

method nine as set forth in the "Appendix on Test Methods" in 40 C.F.R. Part 60 "Standards of Performance for New Stationery Sources" as such existed on July 1, 1990, which is referred to in Section 10.4.3 of Cherokee Station's Title V Operating Permit.

13.     "Identify" when used with respect to an individual means to state such individual's name, address, telephone number, occupation or profession, job title, and the name, address and telephone number of such individual's employer.

14.     "Identify" when used with respect to an organization or governmental entity (*e.g.*, a corporation, partnership, association or regulatory agency) means to state the name of such organization or governmental entity, type of such organization or governmental entity, and the address and telephone number of the organization's or governmental entity's principal place of business.

15.     "Identify" when used with respect to a statement or document means to state the nature of the document (*e.g.*, letter, memorandum, telegram), the date such document was signed, prepared, sent and/or received, the identities of the sender(s) and recipient(s) or addressee(s), and the present location and custodian of such document.  In lieu of such document identification, you may produce a legible copy of the document you are asked to identify, indicating the Interrogatory to which the document is responsive or referring to the Bates number or other identifying information in your answer to the Interrogatory.

16.     "Identify" when used with respect to a statement, fact or facts includes, in addition to the recitation of such specific fact or facts, (1) the identification of all documents which substantiate the fact or from which the fact(s) is drawn; and (2) the identification of any oral communication(s) upon which your knowledge of the fact(s) is founded or which supports

4

the fact(s), including identifying between or among whom the oral communication(s) occurred, when such communication(s) occurred, and the substance of the communication(s).

17.    "Person" includes natural persons, corporations, partnerships, associations, joint ventures, and any other business enterprise or legal entity, and includes both the singular and the plural.

18.    "Plaintiff" means, collectively, WildEarth Guardians and Rocky Mountain Clean Air Action.

19.    "You" or "your" means WildEarth Guardians and Rocky Mountain Clean Air Action, including any present and former officers, administrators, managers, directors, employees, agents, members, attorneys, offices, divisions, affiliates of either entity, and all other persons acting or purporting to act on their behalf.

20.    Terms not specifically defined herein shall have the meaning ascribed to them by the CAA, as amended, and all rules and regulations promulgated thereunder.

## INSTRUCTIONS

A.    If you cannot respond to or comply with an Interrogatory in full, you shall respond or comply with the Interrogatory to the extent possible with an explanation as to why a full response or full compliance is not possible.

B.    Each paragraph and subparagraph of an Interrogatory shall be construed independently and no other paragraph or subparagraph shall be referred to or relied on for the purpose of limiting its scope.

C.    In answering these Interrogatories, Plaintiff is required to furnish under oath all information that is available to Plaintiff, including information in the possession of Plaintiff's

5

attorneys or other persons directly or indirectly employed by or in connection with Plaintiff or Plaintiff's attorneys or anyone acting on Plaintiff's behalf or otherwise subject to Plaintiff's control.

D.      If in answering these Interrogatories Plaintiff claims any ambiguity in interpreting either an Interrogatory or a definition or instruction applicable thereto, such claim shall not be used by Plaintiff as a basis for refusing to respond.  Rather, Plaintiff shall set forth, as part of its response, the language, instruction or definition deemed to be ambiguous and the interpretation chosen or used by Plaintiff in responding to the Interrogatory.

E.      If Plaintiff claims that an Interrogatory or any portion thereof seeks information subject to a legally cognizable privilege, you shall identify the Interrogatory or portion thereof to which you are objecting on the grounds of privilege and you shall state in detail the privilege(s) asserted and the bases for each assertion of privilege.  Nonetheless, Plaintiff shall respond to such Interrogatory to the extent that it also seeks non-privileged information.

F.      Estimates or approximations should be given when precise data cannot be supplied.  However, any estimates or approximations should be designated as such and a statement made as to why precise data cannot be supplied.

G.      The source, sources or derivation of each answer to the Interrogatories should be separately set forth and identified, unless the person signing the answers to these Interrogatories under oath knows of his own person and direct knowledge of the facts or information forming the basis of all answers given.

H.      These Interrogatories are continuing in nature.  If additional information or documents become known regarding any of these Interrogatories, you are to furnish a supplemental response when such information or documents becomes available.

I.      For the purposes of these Interrogatories, the singular shall be construed to include the plural, and the plural shall be construed to include the singular.  The words "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the specific request all documents that might otherwise be construed to be outside of its scope.  The words "all" and "each" shall be construed as all and each.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify by date and time each and every occasion at the Cherokee Station that you allege constitutes a violation of the opacity monitoring requirements set forth in Cherokee's Title V Operating Permit, the Colorado SIP, or the CAA and for which you are seeking relief through your Complaint, and for each occasion:

a)      identify and describe in detail the reasons supporting your allegations in paragraphs 59-63 of your Complaint that the occasion constituted a violation of the opacity monitoring requirements, including specifically which requirements (Title V Operating Permit, the Colorado SIP, and/or the CAA) were violated;

(b)     identify all facts and factors on which you relied or intend to rely in determining or demonstrating that the occasion involved a violation of an opacity monitoring requirement;

(c)     identify the duration of each alleged violation of the opacity monitoring requirements and identify all facts and factors supporting your conclusion regarding the duration of each such alleged violation, including all monitoring or other applicable data;

(d)     identify all documents you prepared, reviewed, and/or relied upon or intend to rely upon in reaching the determination or demonstrating that the occasion involved a violation of an opacity monitoring requirement;

(e)     identify the person(s) who made or will make the determination(s) that the occasion involved a violation of the opacity monitoring requirements;

(f)     identify the date when you first became aware of the alleged violation of the continuous opacity monitoring requirements and how you learned of the alleged violation; and

(g)     identify all person(s) with EPA, Colorado Department of Public Health and the Environment's Air Pollution Control Division, or other regulatory agencies with whom you discussed or consulted regarding your determination that the occasion involved a violation of the opacity monitoring requirements.


**RESPONSE:**

8

**INTERROGATORY NO. 2:**

If you contend that any of the opacity monitor downtime periods that you identified in response to Interrogatory No. 1 did not result from or occur during "periods of calibration, quality assurance, or preventative maintenance, performed pursuant to § 75.21 and Appendix B of [40 C.F.R. Part 75], periods of repair, periods of backup data from the data acquisition and handling system, or recertification performed pursuant to § 75.20," describe the factual basis for your contention for each such occurrence and identify and describe all statements, documents or other evidence which support or otherwise validate, your contentions.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Identify and describe the factual and legal basis, and identify and describe all statements, documents or other evidence which support or otherwise validate, your contentions in paragraph 61 of your Complaint that:

      a.    "Cherokee's downtime as reported in its EER in most instances does not fall within one of the limited exceptions provided by Clean Air Act regulations."

      b.    "Cherokee's downtime is unexcused because it includes repeated monitor equipment and communication failures."

      c.    "Most of the monitoring downtime in the past five years is the result of similar, foreseeable malfunction events."

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify each and every occasion at the Cherokee Station that you allege involved a violation of the opacity limits set forth in Cherokee's Title V Operating Permit, the Colorado SIP, or the CAA. For each and every occasion that you identify:

(a)     identify and describe in detail the reasons supporting your allegation that the occasion involved a violation of the opacity limit, including specifically which requirements (Title V Operating Permit, the Colorado SIP, and/or the CAA) were violated;

(b)     identify all facts and factors on which you relied or intend to rely in determining or demonstrating that the occasion involved a violation of an opacity requirement;

(c)     identify the duration of each alleged violation of the opacity limits and identify all facts and factors supporting your conclusion regarding the duration of each such alleged violation, including all monitoring or other applicable data;

(d)     identify all documents you prepared, reviewed, and/or relied upon or intend to rely upon in reaching the determination or demonstrating that the occasion involved a violation of an opacity requirement;

(e)     identify the person(s) who made or will make the determination(s) that the occasion involved a violation of the opacity requirements;

(f)     identify the date when you first became aware of the alleged violation of the opacity requirements and how you learned of the alleged violation; and

(g)     identify all person(s) with EPA, Colorado Department of Public Health and the

Environment's Air Pollution Control Division, or other regulatory agencies with
whom you discussed or consulted regarding your determination that the occasion
involved a violation of the opacity requirements.

**RESPONSE:**

**INTERROGATORY NO. 5:**

If you contend that any alleged opacity violation identified in your response to Interrogatory No.
4 was not caused by a "malfunction," an "upset," or an "emergency," or was caused by one of
those events but is not subject to a defense based on the event, describe the factual and legal
basis for your contention and identify and describe all statements, documents, and other evidence
which support your contentions.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Describe the factual and legal basis for your contention in Paragraph 70 of your Complaint that
Defendant failed to report monitor downtimes in Deviation Reports and/or Annual Compliance
Reports for Cherokee Station in violation of Cherokee's Title V Operating Permit, the Colorado
SIP, or the CAA, and identify and describe all statements, documents or other evidence which
support or otherwise validate your contention.

**RESPONSE:**

**INTERROGATORY NO. 7:**

Describe the factual and legal basis for your contention in Paragraph 71 of your Complaint that Defendant failed to certify the accuracy and completeness of Excess Emissions Reports and/or Deviation Reports for Cherokee Station in violation of Cherokee's Title V Operating Permit, the Colorado SIP, or the CAA, and identify and describe all statements, documents or other evidence which support or otherwise validate your contention.

   **RESPONSE:**


**INTERROGATORY NO. 8:**

Describe the factual basis for the allegations in your Complaint that harm to human health or the environment has been caused by Defendant's alleged violations of (a) opacity monitoring requirements, (b) opacity limits, (c) reporting requirements associated with opacity monitoring, and for each individual violation that you allege identify any specific harm to human health or the environment that you contend resulted from that violation, including the nature of the alleged harm, the identity of the persons affected, and any statements, documents or other evidence which supports your contention.

   **RESPONSE:**

12

**INTERROGATORY NO. 9:**

If you contend that a civil penalty should be imposed for any of the violations alleged in your complaint, describe the legal and factual bases for your contention, identify all facts and factors on which you intend to rely in seeking a civil penalty and in establishing the amount of any such penalty, and identify any statements, documents or other evidence which support your contention.

      **RESPONSE:**

**INTERROGATORY NO. 10:**

If you contend that injunctive relief should be imposed for any of the violations alleged in your complaint, describe the legal and factual bases for your contention, identify all facts and factors on which you intend to rely in seeking injunctive relief, and identify any statements, documents or other evidence which support your contention.

      **RESPONSE:**

**INTERROGATORY NO. 11:**

If you contend that Defendant should be required to install additional opacity or particulate monitoring equipment, or otherwise alter its practices and procedures at Cherokee Station with respect to opacity control or monitoring, describe the legal and factual basis for your contention,

including all technical, engineering, regulatory or industry standard information or data which support your contentions.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Identify all public statements, including but not limited to press releases, interviews, reports, administrative or judicial filings, made by you or on your behalf that discuss or relate to any of the following:

      a.      Cherokee Station;

      b.      continuous opacity monitoring requirements; or

      c.      coal-fired generating units in Colorado operated by Xcel Energy, Inc., or Public Service Company of Colorado.

**RESPONSE:**

**INTERROGATORY NO. 13:**

To the extent not yet identified in response to these Interrogatories, please identify every source of data and means of analysis that you have used or expect to use in making or substantiating the allegations contained on the Complaint, by paragraph number, and/or in your Notice Letter.

**RESPONSE:**

Respectfully submitted this 2nd day of April, 2010.

s/ Colin C. Deihl
Colin C. Deihl, #19737
Linda L. Rockwood, #14276
Jacy T. Rock, #36717
FAEGRE & BENSON LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, Colorado 80203
Telephone: (303) 607-3500
Facsimile: (303) 320-0210
cdeihl@faegre.com
lrockwood@faegre.com
jrock@faegre.com

s/ Kent Mayo
William Bumpers
Kent Mayo
BAKER BOTTS LLP
1299 Pennsylvania Ave, N.W.
Washington, DC 20004-2400
Telephone: (202) 639-7700
Facsimile: (202) 639-7890
william.bumpers@bakerbotts.com
kent.mayo@bakerbotts.com

**Counsel for Defendant Public Service
Company of Colorado**

## CERTIFICATE OF SERVICE

I certify that on this 2nd day of April, 2010, a true and correct copy of the foregoing DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF was served by hand delivery and electronic mail on:

Michael Ray Harris
Kevin J. Lynch
Assistant Professor & Director
Environmental Law Clinic
University of Denver
Sturm College of Law
2255 E. Evans Ave.
Denver, Colorado  80308
mharris@law.du.edu
klynch@law.du.edu

Lino S. Lipinsky de Orlov
Herbert L. Fenster
McKenna Long & Aldridge LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202
Telephone: 303-634-4000
Facsimile: 303-634-4400
llipinsky@mckennalong.com
hfenster@mckennalong.com

*s/ Greg Apt*

16