IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-01862-ZLW-MEH

WILDEARTH GUARDIANS, a New Mexico non-profit corporation,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a XCEL ENERGY,

    Defendant.

___

**ORDER ON MOTION FOR PROTECTIVE ORDER**
___

Before the Court is Plaintiff's Motion for Protective Order [filed November 15, 2010; docket #146].  The matter has been referred to this Court for disposition [docket #148].  Oral argument would not materially assist the Court in its adjudication of the motion.  For the reasons that follow, the Court **grants in part and denies in part** Plaintiff's motion.

**I.**    **Facts**

Plaintiff brings this action against Defendant for alleged violations of the Clean Air Act ("CAA").  The Plaintiff generally alleges that Defendant has failed to comply with CCA air pollution emissions standards, limitations and permit conditions at its 717-megawatt, coal-fired power plant, known as "Cherokee Station."

The present dispute arises from Plaintiff's contention that Defendant, in propounding Interrogatory #14 on September 29, 2010, has exceeded the 35-interrogatory limit set forth in the governing scheduling order.  Specifically, Plaintiff argues that Defendant's previously submitted interrogatories contain several sub-parts bringing the total number of interrogatories to 37. Plaintiff states that, although the interrogatories exceeded the limit, it agreed to respond to all questions but

informed Defendant that it would object to responding to any additional interrogatories.

Defendant counters that its first set of interrogatories, including 13 numbered questions, contain sub-parts that relate to the primary question and, therefore, are subsumed into the question to form only one interrogatory each. Consequently, Defendant contends that its Interrogatory No. 14 is appropriate and within the limit set forth in the scheduling order. In the alternative, Defendant argues that, should the Court find the limit is exceeded, the Court should still order Plaintiff to respond to Interrogatory No. 14 "to reduce the burden of the parties going forward."

**II.     Discussion**

Rule 33 governs the number, scope, use of and responses to interrogatories propounded by one party in litigation to another party. The Committee Notes regarding Rule 33 describe how subparts of interrogatories may not "seek information about discrete separate subjects." 146 F.R.D. 401, 675 (1993). "However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication." *Id.* at 675-76. Therefore, subparts "directed at eliciting details concerning a common theme should be considered a single question." 8B Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2168.1 (3d. ed. 2010). Subparts regarding more discrete topics are "likely to be counted as more than one for purposes of the limitation." *Id.*

In *Kovacs v. Hershey Co.*, the court relied upon *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 685 (D. Nev. 1997) as persuasive authority concerning the determination of interrogatory subparts. No. 04-cv-01881-WYD-BNB, 2006 WL 1980291, at *1 (D. Colo. July 13, 2006) (unpublished), *aff'd in part* and *rev'd on other grounds in part*, 2006 WL 2781591 (D. Colo.

Sept. 26, 2006). This Court agrees and adopts *Kendall*'s reasoning here. The *Kendall* court set forth the following test for counting written discovery requests: "interrogatory subparts are to be counted as part of but one interrogatory . . . if they are logically or factually subsumed within and necessarily related to the primary question." 174 F.R.D. at 685. More specifically, *Kendall* explains:

> Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions should be counted as separate interrogatories, notwithstanding [that] they are joined by a conjunctive word and may be related.

*Id.* In other words, "once a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005). Using these analyses and considering the Committee Notes to Rule 33, the Court will first determine whether Defendant's first set of interrogatories exceed the 35-interrogatory limit. If not, the Court will proceed to determine whether Interrogatory No. 14 as written exceeds the limit.

    A.    <u>Interrogatories No. 1-13</u>

First, Plaintiff does not dispute that Interrogatories No. 2, No. 6, No. 7, No. 11, and No. 13 each pose a single discrete inquiry. Docket #156 at 3 n.2. These single interrogatories total five in number.

Interrogatory No. 1, while broken into two subparts marked (a) and (b), contains a primary question and requests additional information that is related to the primary question. The subparts do not introduce a line of inquiry that is separate and distinct from the primary question, but rather

seek underlying information that supports the Plaintiff's response to the primary question. Thus, the Court finds that Interrogatory No. 1 contains one inquiry with subparts that are necessarily related to the primary question.

Interrogatory No. 3 seeks the factual and legal bases underlying three separate allegations made in Plaintiff's complaint. The Court finds that Interrogatory No. 3 contains separate and distinct subparts that shall be counted as three separate interrogatories.

For the same reasons listed concerning Interrogatory No. 1, the Court finds that Interrogatory No. 4 contains one inquiry with subparts that are necessarily related to the primary question.

Interrogatory No. 5 seeks information relating to Interrogatory No. 4. The Court finds that the information sought in this question will likely be answered by Plaintiff's response to Interrogatory No. 4, but will count the question as a single interrogatory.

Interrogatory No. 8 seeks information concerning violations of three separate statutory requirements. The Court finds that the information requested is related (identity of harm, persons affected and supporting evidence), but is sought for three separate events. Thus, Interrogatory No. 8 contains separate and distinct subparts that shall be counted as three separate interrogatories.

For the same reasons listed concerning Interrogatory No. 8, the Court finds that the information requested in Interrogatory No. 9 is related to the alleged civil penalty, but is sought for violations of three separate events. Thus, Interrogatory No. 9 contains separate and distinct subparts that shall be counted as three separate interrogatories.

Likewise, the Court finds that the information requested in Interrogatory No. 10 is related to the Plaintiff's request for injunctive relief, but is sought for violations of three separate events. Thus, Interrogatory No. 10 contains separate and distinct subparts that shall be counted as three

separate interrogatories.

Finally, Interrogatory No. 12 contains subparts marked (a), (b), and (c); however, the Court finds that any response to subpart (a) would be subsumed into a response to subpart (c). At the same time, the information sought by subpart (b) is distinct from that sought in subparts (a) and (c). Thus, the Court concludes that Interrogatory No. 12 contains separate and distinct subparts that shall be counted as two separate interrogatories.

In sum, the Court finds that Defendant's First Set of Interrogatories contain twenty-two (22) separate and distinct questions, which are well within the interrogatory limit.[1] According to the Scheduling Order in this matter, Defendant may propound an additional thirteen (13) interrogatories upon the Plaintiff before the submission deadline.

B.    Interrogatory No. 14

Plaintiff contends that Interrogatory No. 14, requesting the factual basis for each denial or denial in part to Defendant's Requests for Admissions, contains as many as 116 subparts reflecting each denial or limited denial. Defendant counters in a conclusory fashion that its Requests for Admissions are "directed at common themes intended to narrow potential factual disputes associated with specific topic areas." Docket #153 at 9. Alternatively, Defendant argues that Rule 36 already requires production of the information sought in Interrogatory No. 14 and, thus, the question places no undue burden on the Plaintiff.

The Court disagrees that Rule 36 requires a party to provide a factual basis for its denials to requests for admissions. Rather, the rule requires only that, in the event a party cannot truthfully

---

[1] The Court is mindful that, while Plaintiff argues Defendant's interrogatories make up 37 distinct inquiries, it provided 19 responses to the interrogatories. *See* docket #153-5.

5

admit or deny request, the party state "in detail" why it cannot do so. Fed. R. Civ. P. 36(a)(4). Moreover, the rule allows a party who cannot admit or deny a request to state it has made a reasonable inquiry and information known or readily obtainable is insufficient to enable an admission or denial. *Id.*; *see also* 1970 Advisory Committee Note ("Rule 36 requires only that the party state that he has taken these steps."); *Radian Asset Assurance, Inc. v. College of Christian Bros. of New Mexico*, No. CIV 09-0885, 2010 WL 5173571, *20 (D.N.M. Nov. 11, 2010) ("To require the answering party to describe in detail the efforts it has made to inquire would be to turn the request for admissions into an open-ended interrogatory").

Thus, to the extent that Defendant seeks to know the underlying facts supporting a denial or denial in part to a request for admission, Defendant must request such information pursuant to Rule 33 or Rule 34. In addition, no party disputes that Defendant's 81 numbered Requests for Admissions (containing subparts) are not all related and make up separate and distinct requests; therefore, Interrogatory No. 14 itself contains distinct and separate subparts seeking information on the Plaintiff's more than 100 denials. Although Defendant argues that its Requests for Admissions are "directed at common themes intended to narrow potential factual disputes associated with specific topic areas," Defendant provides no further explanation nor description to allow the Court to identify any common themes or determine how many may exist. Therefore, the Court is left to conclude that the submission of Interrogatory No. 14 well exceeds the 35-interrogatory limit set forth in the Scheduling Order, and will strike the interrogatory pursuant to Fed. R. Civ. P. 26(c)(1).

This does not end the inquiry, however. As set forth above, Defendant has propounded only 22 of the 35 interrogatories permitted under the Scheduling Order. Thus, to the extent that Defendant wishes to do so, it may seek the factual bases of 13 denials to its Requests for

Admissions, keeping in mind the Court's order regarding separate and distinct subparts. If necessary, the Court will further entertain a request for a brief extension of time within which to do so.

### III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Protective Order [filed November 15, 2010; docket #146] is **granted in part and denied in part**. Interrogatory No. 14 as written is stricken; however, on or before 33 days before the discovery cutoff, Defendant is permitted to propound interrogatories seeking the factual bases for 13 of Plaintiff's denials to Defendant's Requests for Admissions.

Dated this 29th day of December, 2010, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge