IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01862-RBJ-MEH

WILDEARTH GUARDIANS, a New Mexico non-profit corporation,

    Plaintiff,

v.

PUBLIC SERVICE COMPANY OF COLORADO, d/b/a XCEL ENERGY,

    Defendant.

---

**ORDER ON MOTION TO SUPPLEMENT EXPERT REPORT**

---

Before the Court is Plaintiff's Motion for Leave to Supplement Expert Report [filed September 21, 2011; docket #223]. The matter has been referred to this Court for disposition [docket #224]. The motion is fully briefed, and oral argument would not materially assist the Court in its adjudication of the motion. For the reasons that follow, the Court **grants in part and denies in part** the Plaintiff's motion.

**I.**     **Facts**

Plaintiff brings this action against Defendant for alleged violations of the Clean Air Act ("CAA"). The Plaintiff alleges generally that Defendant has failed to comply with CCA air pollution emissions standards, limitations and permit conditions at its 717-megawatt, coal-fired power plant, known as "Cherokee Station."

The present dispute arises from Plaintiff's request to supplement the report of its expert, Dr. Ranajit Sahu. Apparently, the Plaintiff submitted Dr. Sahu's initial report by the deadline in August 2010. Plaintiff contends that Defendant subsequently produced documents, which were necessary for Dr. Sahu to consider as an expert, on several dates up to and including February 4, 2011, the

discovery cutoff and date of Dr. Sahu's deposition. Plaintiff asserts that Dr. Sahu needed to consider all documents together to prepare his supplemental opinion. However, according to Plaintiff, Dr. Sahu was largely unavailable to address this matter from the date of his deposition until early July 2011. Dr. Sahu has submitted an affidavit listing a number of multi-week projects he worked on during the period February through mid-June 2011, and noting a family vacation from mid-June through the first of July 2011. *See* docket #239-1. Dr. Sahu states that he began work on the supplemental report in late July 2011 and it "took a substantial amount of time and effort to complete," considering the number of documents produced since August 2010. *Id.* Plaintiff argues that, despite the amount of time necessary to complete the supplemental report, there is no prejudice to the Defendant in filing the report at this time, because no trial date has been set in this case.

Defendant counters that any supplemental report by Dr. Sahu is unduly delayed, since the documents on which he relies were produced in December 2010, and the "deadline" for filing any supplemental expert report was July 27, 2011, the same day the proposed Final Pretrial Order was due to be filed. Moreover, Defendant asserts that Dr. Sahu's affidavit fails to explain why he could not have completed the supplemental report before his deposition, fails to quantify the time necessary to complete the report since he relied only on a small portion of the total documents produced, and demonstrates inconsistencies in the timing of when Dr. Sahu's work was completed. Finally, Defendant contends that it will be prejudiced by the submission of a supplemental report at this time, because Defendant has already filed a motion to exclude and motion for summary judgment based upon Dr. Sahu's initial report. Defendant also seeks recovery of its attorney's fees in responding to the motion.

**II.     Discussion**

Pursuant to Fed. R. Civ. P. 26(a)(2), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705." Fed. R. Civ. P. 26(a)(2)(A). This disclosure "must be accompanied by a written report – prepared and signed by the witness – if the witness is one retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The report "must contain [among other information] a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* Supplemental disclosures may be required if the disclosing party "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). Under Rule 26(e)(2), an expert witness is under the ongoing duty to supplement a Rule 26(a)(2) expert report with "[a]ny additions or changes ... by the time the party's pretrial disclosures under Rule 26(a)(3) are due." Fed. R. Civ. P. 26(e)(2). According to Fed. R. Civ. P. 26(a)(3)(B), pretrial disclosures are to be made at least 30 days before trial, unless otherwise ordered by the Court.

In this case, Plaintiff contends that because no trial date is set, the supplemental report is timely and Defendant will suffer no prejudice. Defendant counters that the 30-day deadline before trial is not applicable here because the Court *has* otherwise ordered a due date for the supplemental report. Defendant cites this Court's decision in *Buben v. City of Lone Tree*, No. 08-cv-00127, 2010 WL 4810632, at *2 (D. Colo. Nov. 19, 2010) for the proposition that the Court's local rule, D.C. Colo. LCivR 26.1B, sets a deadline for all pretrial disclosures as the same date the proposed final pretrial order is due. *See* D.C. Colo. LCivR 26.1B ("[t]he tendering of a proposed final pretrial order ... shall satisfy the requirement of Fed. R. Civ. P. 26(a)(3) that pretrial disclosures be filed with the

court."). As the proposed final pretrial order was due in this matter on or before July 27, 2011 (*see* dockets #32 and #174), Defendant asks this Court to conclude that July 27, 2011 was the governing deadline for any Rule 26(e)(2) supplementation, and that Plaintiff's attempt to supplement the expert report on September 21, 2011 is unduly delayed. Plaintiff replies that it had relied on this Court's August 12, 2010 minute order regarding Plaintiff's opposed motion to extend the discovery cutoff alleging that it had not received all discovery necessary to submit an initial expert report. Docket #88. In that order, the Court denied the motion commenting that discovery is typically ongoing at the time initial expert reports are submitted, and noting that "expert reports may be supplemented until 30 days before trial." *Id.*

The Court finds that it need not determine whether the submission of Dr. Sahu's supplemental expert report is timely in this case because, even if the report is considered "late," Plaintiff's submission of the supplemental report is harmless.

A party is permitted to supplement an expert report after the close of discovery if the failure to supplement the report timely "was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1) (emphasis added). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999) (citation omitted) ("[a] district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose"). The Tenth Circuit mandates that a district court consider four factors in determining whether the failure to disclose is substantially justified or harmless: (1) the prejudice or surprise to the impacted party, (2) the ability to cure the prejudice, (3) the potential for trial disruption, and (4) the erring party's bad faith or willfulness. *Id.*

First, Defendant has not demonstrated that it was surprised by the submission of the supplemental report. In fact, there is no dispute that Defendant produced documents sporadically in this case until and including the discovery cutoff and date of Dr. Sahu's deposition, February 4, 2011. On May 31, 2011, Plaintiff submitted a response to Defendant's Motion to Exclude Certain Expert Testimony of Dr. Ranajit Sahu, in which the Plaintiff noted that Dr. Sahu was in the process of reviewing documents disclosed after his initial report to prepare a supplemental report. In addition, the proposed Final Pretrial Order submitted July 29, 2011 reflects the Plaintiff's intention to submit a supplement report by Dr. Sahu and the Defendant's opposition to such filing. *See* docket #199 at 17-18.

As for prejudice, Defendant argues that, by Plaintiff's own admissions, the report improperly contains "new" opinions by Dr. Sahu. Response, docket #233 at 12.[1] Defendant relies on statements made in Plaintiff's response to Defendant's motion to exclude Dr. Sahu's testimony, in which the Plaintiff states, "[a]s a result [of there being documents requested but not yet produced by Defendant], WildEarth Guardians and Dr. Sahu decided to focus on those issues that could be addressed in his [initial] report at that time, while putting off other issues that could be addressed more efficiently once all the documentation was produced by Xcel. Now that Xcel has finally disclosed all relevant documentation, Dr. Sahu is reviewing specific downtime event information and is preparing a supplemental disclosure that categorizes similar monitor downtime events by cause." Docket #181 at 2. Plaintiff also states in its response, "The opinions expressed by Dr. Sahu in his [initial] expert report were based on the data that was available to him at the time, and were

---

[1]The Court notes that it was not provided in the briefing a copy of Dr. Sahu's initial report with which it might compare the supplemental report to determine whether Dr. Sahu attempts to proffer "new" opinions.

5

not intended to be a comprehensive statement of all opinions he might form after reviewing the full scope of documents requested from Xcel." *Id.* at 4.

The Court finds that proffering expert opinions based upon information produced after submission of the initial report does not necessarily render the opinions "new." Fed. R. Civ. P. 26(e)(1) provides that a supplemental expert report may be based upon additional or corrective information that was not available at the time of the expert's initial report. *See Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006) ("Permissible supplementation under the Rules instead 'means correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure.") (quoting *Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998)); *see also Minebea Co. v. Papst,* 231 F.R.D. 3, 6 (D.D.C. 2005) (Rule 26(e)(1) "permits supplemental reports only for the narrow purpose of correcting inaccuracies or adding information that was not available at the time of the initial report")).

There is no dispute in this case that the supplemented information in the report was based upon documents provided by Defendant months after Dr. Sahu submitted his initial report. *See* Supplemental Expert Report of Dr. Ranajit Sahu, Ph.D., III.1. ("[i]n this Supplemental report, I am providing my opinions relating to certain documents that were produced by Defendant Public Service Company of Colorado (PSCo) which were not available when I prepared by main Expert report [August 16, 2010] and Rebuttal expert reports [September 15, 2010] in this matter.") *and* Defendant's Response, docket #233 at 9 ("[t]he referenced MAXIMO information was produced on December 10, 2010.").

In addition, Defendant claims prejudice in that it has already filed a motion for summary

judgment and motion to exclude Dr. Sahu's testimony based upon his initial report; according to Defendant, allowing the supplemental report will "substantially delay this litigation and impose a significant burden on Public Service to respond to the new information through additional expert discovery and briefing." Response, docket #233 at 13.

The interests served by Rule 26(a)(2) are "to prevent unfair surprise at trial and to permit the opposing party to prepare for the expert's cross examination" (*Coles v. Perry*, 217 F.R.D. 1, 4 (D.D.C. 2003)), and to prevent experts from "lying in wait" to express new opinions at the last minute, which might deny the opposing party an opportunity to depose the expert on such new information. *Minebea Co., Ltd.*, 231 F.R.D. at 6; *see also Wright v. Liberty Mut. Fire Ins. Co.*, No. 06-cv-00351-RJC, 2009 WL 3334822, at *2 (D. Colo. Oct. 13, 2009) (where final supplement to expert report was submitted nearly two years after designation deadline, supplement permitted where opposing party had sufficient time before trial to depose the expert and submit rebuttal report).

First, the Court disagrees that permitting submission of the supplemental report at this time will "substantially delay the litigation" in this case; the Final Pretrial Order was issued on August 3, 2011, but currently there is neither a trial preparation conference nor a trial scheduled before the District Court in this case. The motions to which Defendant refers remain pending before the District Court; thus, the Defendant may move to supplement the motions, if necessary.

Second, Defendant's primary concern appears to be with the "costs" of responding to the supplemental report. The Court agrees with Plaintiff that Defendant would have contemplated the submission of a supplemental report by Dr. Sahu sometime after Defendant produced the last requested documents on February 4, 2011, the discovery cutoff and the same date as Dr. Sahu's

deposition.[2] As such, Defendant would have anticipated considering whether to re-depose Dr. Sahu or to submit a supplemental rebuttal report.

At the same time, the Court is mindful that, as time passed, it is possible the additional costs of supplementing the existing motions were not necessarily contemplated by the Defendant. Therefore, in the interest of justice and to prevent any prejudice to Defendant, the Court will permit the Defendant to submit an affidavit reflecting the costs and/or attorney's fees necessitated by any supplementation of its motion for summary judgment and/or motion to exclude testimony of Dr. Sahu within thirty (30) days after Defendant files such supplement(s). The Plaintiff will have an opportunity to challenge the reasonableness of any such affidavit before the Court rules on it.

Finally, the Court finds no bad faith nor willfulness on the part of the Plaintiff in this matter. Although Defendant characterizes Plaintiff's submission of the supplemental report at this time as an "intentional strategic delay" (docket #233 at 13), the Court perceives nothing favorable inuring to the Plaintiff as a result of submitting the report in September 2011 as opposed to, say, March 2011. Thus, consideration of the *Woodworker*'s factors in this case weighs in favor of concluding that Plaintiff's submission of Dr. Sahu's supplemental report at this point in the litigation is harmless.

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion for Leave to Supplement Expert Report [filed September 21, 2011; docket #223] is **granted in part**

---

[2]Defendant argues that the only documents on which Dr. Sahu relies for his supplemental report were produced on December 10, 2010, and therefore, he should have completed his supplemental report before his deposition. However, it appears reasonable to expect that an expert on this subject would await production of all possibly relevant documents before completing a supplemental report in this matter.

**and denied in part**. Plaintiff may submit its Supplemental Expert Report of Dr. Ranajit Sahu. Should the Defendant determine it necessary to supplement its motion for summary judgment or motion to exclude Dr. Sahu's testimony as a result of the Supplemental Expert Report, Defendant may file an affidavit reflecting its costs and/or attorney's fees necessitated by preparing such supplement(s) within thirty (30) days after the supplements are filed. The Plaintiff will have the opportunity to challenge the reasonableness of Defendant's affidavit, if filed.

Dated this 16th day of November, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge